UNITED STATES COURT OF INTERNATIONAL TRADE

------------------------------------------------------------------ X

| | |
|---|---|
| **CYBER POWER SYSTEMS (USA) INC.** : <br> : <br> **Plaintiff,** : <br> : <br> *v.* : <br> : <br> **THE UNITED STATES,** : <br> : <br> **Defendant.** : | No. 21-cv-00199 |

------------------------------------------------------------------ X

## COMPLAINT

Plaintiff Cyber Power Systems (USA) Inc. ("Cyber Power") by and through undersigned counsel for its Complaint against Defendant, the United States (the "Government"), does hereby state and allege as follows:

## CAUSE OF ACTION

1. Plaintiff Cyber Power brings this action to contest the denial of its 19 U.S.C. § 1514 protest against the classification, in liquidation, and assessment of duty on, certain entries of uninterruptible power supplies ("UPS").

## JURISDICTION

2. All liquidated duties, taxes, and fees were paid prior to the commencement of this action. The action is timely filed within 180 days from the date of protest denial. This Court has jurisdiction over the action pursuant to 28 U.S.C. §1581(a).

## PARTIES

3. Plaintiff Cyber Power is the importer of record of the merchandise which is the subject of this action, and is the real party in interest.

4. Defendant is the Federal defendant and is sued for actions taken by its agency United States Customs and Border Protection ("Customs" or "CBP"), a component of the Department of Homeland Security (DHS).

## STATEMENT OF FACTS

5. At various dates, as reflected on the Summons in this action, plaintiff imported at the Port of Minneapolis, Minnesota, the subject UPS under the cover of various consumption entries.

6. There are at least four subject UPS are models at issue in this action as follows: BRG850AVRLCD, CP1500PFCLCD, PR750LCD, and OR1500PFCLCD.

7. Customs liquidated entries of three of the four UPS's which are the subject of this protest under subheading 8504.40.7018, HTSUS, and one under subheading 8504.40.7012, HTSUS which provide for:

| Heading/ Subheading | Article Description |
|---|---|
| 8504.40 | Power supplies for automatic data processing machines or units thereof of heading 8471;power supplies for goods of subheading 8443.31 or 8443.32; power supplies for monitors of subheading 8528.42 or 8528.52 or projectors of subheading 8528.62: |
| *     *     * | |
| 8504.40.70 | Other [than suitable for physical incorporation into automatic data processing machines; |
| *     *     * | |
| 8504.40.7012 | With a power output greater than 150W but not greater than 500W: |
| 8504.40.7018 | Other |

8. The UPS which are the subject of this action are not chiefly used for automatic data processing machines or the other items noted in subheading 8504.40.70, HTSUS.

9. The UPS which are the subject of this action provide backup power for a wide range of electrical and electronic products, including home entertainment systems, telecommunications,

gaming systems and a wide range of other things. Any voltage-compatible device or appliance can be plugged into one of the subject UPS units and power-supported.

10. When a UPS is shown to be suitable for uses other than ADP and telecommunications, Customs has issued numerous rulings holding the product be classified in subheading 8504.40.95, HTSUS. *New York Customs Ruling G89657 of April 13, 2002*, *Customs Headquarters Ruling 964309 of January 4, 2002*, *New York Customs Ruling N303574 of April 29, 2019*, *New York Customs Ruling N301461 of November 20, 2018*, *Customs Headquarters Ruling H247306 of December 12, 2014*, *Customs Headquarters Ruling H185120 of January 3, 2012*; *New York Customs Ruling N198199 of January 19, 2012* (rectifying PCBE Assembly); *Customs Headquarters Ruling H121540 of November 2, 2011* (LED drivers*); New York Customs Rulings N175395 and N175396 of October 12, 2012* (charger for phones*); New York Customs Ruling N156175 of April 14, 2011* (charger for diagnostic center).

11. As such the subject UPS are properly classified under subheading 8504.40.95, HTSUS, which provides for

| Heading/ Subheading | Article Description |
|---|---|
| 8504.40 | Power supplies for automatic data processing machines or units thereof of heading 8471;power supplies for goods of subheading 8443.31 or 8443.32; power supplies for monitors of subheading 8528.42 or 8528.52 or projectors of subheading 8528.62: |
| *         *         * | |
| 8504.40.95 | Other |
| | Rectifiers and rectifying apparatus; |
| | Power supplies: |
| *         *         * | |
| 8504.40.9540 | Other |

12. The Subject Merchandise, whether classifiable under subheading 8504.70.7012, 8504.40.7018, or 8504.40.9540, HTSUS, is ordinarily free of duty. However, at times relevant to

this action, certain goods so classified were subject to a retaliatory duty imposed pursuant to Section 301 of the Trade Act of 1974.

13. Cyber Power paid Section 301 duties on the entries of the Subject Merchandise.

14. List 3 goods entered between September 24, 2018 and May 9, 2019 are dutiable at 10% ad valorem. List 3 goods entered after May 10, 2019 are dutiable at 25% ad valorem.

15. The U.S. Trade Representative ("USTR") enacted exclusions under Chapter 99, HTSUS, including exclusions for certain goods classifiable under subheading 8504.40.9540, HTSUS, that meet the following language:

> Power supplies, each with 120 V AC input and output, measuring not more than 485 mm by 385 mm by 260 mm, weighing not more than 15 kg, to provide not more than 660 W of power in an uninterruptible manner in the event that a normal source of power fails (described in statistical reporting number 8504.40.9540)

*See* Subheading 9903.88.33, HTSUS, Chapter 99 Additional U.S. Note 20 (ss) (38). This Section 301 exclusion was set to expire on August 7, 2020, but was extended through December 31, 2020. See e.g., Subheading 9903.88.40, HTSUS. Chapter 99 Additional U.S. Note 20 (ss) (38).

16. The Model BRG850AVRLCD and CP1500PFCLCD UPS devices each have 120 V AC input and output, measure not more than 485mm by 260mm, weigh not more than 15 kg, and provide not more than 660W of power in an uninterruptible manner in the event that a normal source of power fails, and are properly described in statistical reporting number 8504.40.9540.

17. In addition, the U.S. Trade Representative ("USTR") enacted exclusions under Chapter 99, HTSUS, including exclusions for certain goods classifiable under subheading 8504.40.9540, HTSUS, that meet the following description:

> Power supplies, each with 120 V AC input and output, measuring not more than 530 mm by 355 mm by 205 mm, weighing not more than 20 kg, to provide not more than 2,000 W of power in an

uninterruptible manner in the event that a normal source of power fails (described in statistical reporting number 8504.40.9540)

*See* Subheading 9903.88.33, HTSUS, Chapter 99 Additional U.S. Note 20 (ss) (39). This Section 301 exclusion was set to expire on August 7, 2020, but was extended through December 31, 2020. See e.g., Subheading 9903.88.56, HTSUS. Chapter 99 Additional U.S. Note 20 (ss) (39).

18. The Model PR750LCD and OR1500PFCLCD UPS devices each have 120V AC input and output, measure not more than 530mm by 355mm by 205mm, weigh not more than 20 kg and provide not more than 2000W of power in an uninterruptible manner in the event that a normal source of power fails, and are properly described in statistical reporting number 8504.40.9540.

19. CBP liquidated the subject entries under subheading 8504.40.70, HTSUS, without application of any USTR Section 301 exclusion.

20. Cyber Power timely protested the classification in liquidation of the entries on July 21, 2020, and presented information to CBP demonstrating that the Subject Merchandise, was properly classified under Subheading 8504.40.9540, HTSUS and fell within the scope of the USTR Section 301 exclusions.

21. On March 9, 2021, CBP denied Plaintiffs protest, stating that the subject merchandise "were all denied exclusion as they do not meet the specifications." *See* Protest and Entries from the Port of Minneapolis, MN, ECF 8-1 at p. 2. Plaintiff provided CBP product specifications that demonstrating the products have no defined principal use. CBP granted the protest in part, regarding products not relevant to this action.

## COUNT I

22. Paragraphs 1 through 21 are incorporated by reference and restated as though fully set out herein.

23. The Subject Merchandise— four SKUS of UPS—in their condition as imported are for use with any voltage-compatible device or appliance and do not have a principal use.

24. The liquidation under subheading 8504.70.70, HTSUS is improper because the goods are not solely for use with, or suitable for physical incorporation into Automatic Data Processing machines.

25. The Subject Merchandise— four SKUS of UPS—in their condition as imported are classifiable under subheading 8504.40.9540, HTSUS.

## COUNT II

26. Paragraphs 1 through 20 are incorporated by reference and restated as though fully set out herein.

27. The Subject Merchandise meets the requirements of the USTR Section 301 duty exclusions, in Subheading 9903.88.33, HTSUS, Chapter 99 Additional U.S. Note 20(ss) (38) and (39).

28. The Model BRG850AVRLCD and CP1500PFCLCD UPS devices each have 120 V AC input and output, measure not more than 485mm by 260mm, weigh not more than 15 kg, and provide not more than 660W of power in an uninterruptible manner in the event that a normal source of power fails, and are properly described in statistical reporting number 8504.40.9540.

29. The Model PR750LCD and OR1500PFCLCD UPS devices each have 120V AC input and output, measure not more than 530mm by 355mm by 205mm, weigh not more than 20 kg and provide not more than 2000W of power in an uninterruptible manner in the event that a normal source of power fails, and are properly described in statistical reporting number 8504.40.9540. CBP's denial of Plaintiff's protest was incorrect as a matter of law; accordingly, all excess duties, plus interest as required by law, should be refunded to Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant judgment in its favor, and request that this Court:

i. Direct the Port Director of Minneapolis to reliquidate the Subject Merchandise under subheading, 8504.40.9540, HTSUS and the Section 301 exclusions provided under subheadings 9903.88.33, HTSUS.

ii. Order that excess duties, plus interest as required by law, be refunded by Defendant to Plaintiff; and

iii. Provide such other and further relief as this Court may deem just.

Respectfully submitted,

/s/ John M. Peterson
John M. Peterson
Richard F. O'Neill
Patrick B. Klein
NEVILLE PETERSON LLP

*Counsel for Plaintiff*

One Exchange Plaza
55 Broadway, Suite 2602
New York, NY 10006
(212) 635-2730
jpeterson@npwny.com

April 28. 2025